UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIRA HONG,

    Petitioner,

v().    Case No. 6:14-cv-930-Orl-31DAB
(6:08-cr-28-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 5) filed by Vira Hong. The Government filed a response (Doc. 8) to the section 2255 motion in compliance with this Court's instructions. Petitioner filed replies to the Government's response (Doc. Nos. 10, 12).

Petitioner asserts four grounds for relief. For the following reasons, the amended § 2255 motion is denied.

### I.  *Procedural History*

Petitioner was charged by indictment with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 (Count One), bank fraud in violation of 18 U.S.C. §§ 1344 and 2 (Count Two), and knowingly passing a fictitious instrument in violation of 18 U.S.C. §§ 514(a)(2) and 2. (Criminal Case No. 6:08-cr-28-Orl-31DAB, Doc. 21).[1] A jury found

---

[1] Criminal Case 6:08-cr-28-Orl-31DAB will be referred to as "Criminal Case."

Petitioner guilty as charged. (Criminal Case Doc. 144). The Court sentenced Petitioner to a sixty-month term of imprisonment for Count One and to seventy-eight terms of imprisonment for Counts Two and Three with all sentences to run concurrently. (Criminal Case Doc. 235).

Petitioner appealed. On April 6, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed. (Criminal Case Doc. 255). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Petitioner filed a motion for reduction in sentence on April 30, 2014, which the Court re-characterized to be a 28 U.S.C. § 2255 motion with Petitioner's permission. *See* Criminal Case Doc. Nos. 270, 274, 275. Petitioner subsequently filed an amended § 2255 motion on June 30, 2014. (Doc. 5).

## II. Analysis

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

2

>>Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In the present case, the Eleventh Circuit affirmed Petitioner's conviction on April 6, 2011, and Petitioner did not seek certiorari review. Thus, the judgment of conviction became final on July 5, 2011. *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires."). Because Petitioner's judgment of conviction became final on July 5, 2011, she had through July 5, 2012, to file a § 2255 motion. However, this action was not initiated until April 30, 2014. Therefore, the motion is untimely.

Any of Petitioner's allegations that attempt to excuse her failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.  The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 5) filed by Vira Hong is **DENIED**, and this case is

**DISMISSED** with prejudice.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:08-cr-28-Orl-31DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 276) and the amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 277) pending in that case.

4.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of August, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Court*, Rule 11(a).

4

Copies to:
OrlP-1
Counsel of Record
Vira Hong